```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
JOSEPH ZICKES,                                :
                                              :    CASE NO. 1:15-CV-1865
            Plaintiff,                        :
                                              :
vs.                                           :    OPINION & ORDER
                                              :    [Resolving Doc. 22]
CUYAHOGA COUNTY et al.,                       :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 11, 2015, Plaintiff Joseph Zickes filed a complaint alleging violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the U.S. Constitution.[1] Plaintiff Zickes named Bryan Smith, Michael Carroll, Lucy Rodriguez, Cuyahoga County, and the Cuyahoga County Executive as Defendants. Plaintiff Zickes filed an amended complaint on November, 3, 2015.[2] On November 17, 2015 Defendant Lucy Rodriguez filed a motion for judgment on the pleadings.[3] For the reasons below this Court **DENIES** the motion for judgment on the pleadings.[4]

## I.    BACKGROUND

Plaintiff Zickes formerly worked for the Cuyahoga County Sheriff's Department. Zickes claims Defendants forced him into early retirement because Zickes engaged in protected union

---

[1] Doc. 1.
[2] Doc. 15.
[3] Doc. 22. Defendants Michael Carroll, Cuyahoga County, Cuyahoga County Executive, and Bryan Smith filed a separate motion for judgment on the pleadings on November 17. 2015. Doc. 20.
[4] This court raised the issue of jurisdiction *sua sponte* and requested positional statements from the parties addressing whether the Ohio State Employment Relations Board has exclusive jurisdiction over the instant case and how this Court would have federal jurisdiction over this case. Doc. 30. The parties complied. Docs. 31, 32, 33. This Court agrees with the parties that it has jurisdiction because the complaint alleges only federal law claims. See *Risner v. Tri-County Regional Jail*, 2001 WL 1253593, No. 2:09-cv-609 (S.D. Ohio March 26, 2010) (holding that O.R.C. 4117 claims do not preempt federal law jurisdiction).

Case No. 15-CV-1865
Gwin, J.

activities. In the complaint, Zickes names the following defendants: Cuyahoga County and the County Executive, Lt. Bryan Smith, Sgt. Michael Carroll, and Lucy Rodriguez.[5]

Plaintiff Zickes states that he was elected steward of the Ohio Patrolmen's Benevolent Association ("OBPA"), the bargaining unit that represents Sheriff's Office deputies.[6] According to Zickes, Defendant Smith then began pressuring Zickes to lobby OPBA bargaining unit members to transfer their sick time to Lieutenant Miguel Carabello, a member of the lieutenants' bargaining unit. Lieutenant Carabello apparently had no more sick time available to him.[7] When Zickes refused, Smith allegedly began to retaliate and harass Zickes. Zickes alleges that Rodriguez contributed to Smith's harassment of Zickes. The relevant portions of the amended complaint read as follows:

> 36. As though the blatant sheriff's investigations were not enough, through information and belief, Smith looked outside his chain of command and Smith, along with Rodriguez, initiated an unfounded official Inspector General's investigation through the Cuyahoga County Executive branch that is in charge of ethics violations, in order to continue suppressing Zickes' union activities and punishing Zickes for his union activities, by complaining that Zickes was harassing Smith's fiancé Rodriguez who worked at the JJC on the 8th floor, a floor that Zickes was removed from by Smith.
> 37. Rodriguez made the following unfounded accusations of harassment against Zickes that allegedly occurred between September 5, 2012 and September 7, 2012:
> a.) Rodriguez frequently observed Zickes on the 8th Floor of the JJC and he would attempt to intimidate Rodriguez by staring at her for an odd length of time, making Rodriguez feel uncomfortable;
> b.) Falsley accusing Zickes of meeting with then-Juvenile Court Judge Whitman to tell Whitman that Rodriguez was the "building snitch;"
> c.) Rodriguez complained that her working relationship with Judge Whitman and Judge Whitman's bailiff had changed because of Zickes;

---

[6] Doc. 15. ¶ 14.
[7] *Id*. at ¶ 18.

2

Case No.15-CV-1865
Gwin, J.

> d.) Rodriguez complained that Zickes stared at her from the 6th Floor window while she was outside the of the JJC on the street level;
>
> e.) Rodriguez observed Zickes, during a lunch break, exit the JJC and go to a corner store to purchase something, and when Zickes returned to the JJC, Zickes proceeded to go to the 8th Floor of the JJC and supposedly conducted himself in.[8]

Plaintiff Zickes says he was forced to retire on November 30, 2014.[9]

## II. LEGAL STANDARD

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[10] Thus, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."[11]

## III. DISCUSSION

Defendant Rodriguez argues that all of Plaintiff's claims are time barred by the applicable statute of limitations. This Court agrees with Plaintiff that because his November 30, 2014, retirement may allege a constructive discharge, the claims are not time barred. In *Meyers v. City of Cincinnati*, our sister district found that plaintiffs are "not barred from alleging a constructive discharge in order to establish [their] claims under §1983." Here, as in *Meyers*,

---

[8] *Id.* at ¶ 36-39.
[9] *Id.* at ¶56.
[10] *See* Tucker v. Middleburg–Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008).
[11] *Id.*

3

Case No.15-CV-1865
Gwin, J.

"plaintiff is not bringing a constructive discharge claim *per se*, but is alleging a constructive discharge as a predicate to his §1983 claims."[12]

As the Supreme Court has explained, "federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' . . . ; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.[13]

The Court acknowledges that Plaintiff did not perfectly plead the constructive discharge damage theory. However, in the prologue overview of the amended complaint, Plaintiff Zickes asserted, "this case involves the forced, early retirement of former Cuyahoga County Deputy Sheriff Joseph Zickes . . ."[14] Zickes again states "Zickes was forced to retire early on November 30, 2014" under his Count for Violation of First Amendment Protected Union Activities.[15]

With Plaintiff's §1983 claim, Plaintiff alleges he was damaged by the constructive discharge. Therefore, the two-year statute of limitations begins to run when Zickes knew or had reason to know of his constructive discharge. Zickes retired on November 30, 2014, so that is an appropriate date to start the clock for limitations purposes. As such, Zickes' First Amendment claim, originally filed on September 11, 2015, is not time barred.

---

[12] As the *Meyers* court explained, "The United States Court of Appeals for the Sixth Circuit has implicitly recognized that the issue of constructive discharge may arise outside the context of § 2000e. See *Kreis*, 833 F.2d 74 (law of constructive discharge applied in ERISA case to determine number of participants involuntarily excluded from ERISA plan)." *Meyers v. City of Cincinnati*, 728 F. Supp. 477, 482 (S.D. Ohio 1990) *aff'd in part, rev'd in part*, 934 F.2d 726 (6th Cir. 1991).
[13] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014) (finding that no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke §1983 expressly in order to state a claim.).
[14] Doc. 15.
[15] *Id*.

4

Case No.15-CV-1865
Gwin, J.

### IV. CONCLUSION

For the reasons above, this Court **DENIES** Defendant Rodriguez' motion for judgment on the pleadings.

IT IS SO ORDERED.


Dated: March 10, 2016                                         *s/        James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE