UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| JOSEPH ZICKES,                    | : |                              |
|                                   | : | CASE NO. 1:15-CV-1865        |
| Plaintiff,                        | : |                              |
|                                   | : |                              |
| vs.                               | : | OPINION & ORDER              |
|                                   | : | [Resolving Doc. 20]          |
| CUYAHOGA COUNTY et al.,           | : |                              |
|                                   | : |                              |
| Defendants.                       | : |                              |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 11, 2015, Plaintiff Joseph Zickes filed a complaint alleging violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the U.S. Constitution.[1] Plaintiff Zickes named Bryan Smith, Michael Carroll, Lucy Rodriguez, Cuyahoga County, and the Cuyahoga County Executive as Defendants. Plaintiff Zickes filed an amended complaint on November, 3, 2015.[2] On November 17, 2015, Defendants Carroll, Smith, Cuyahoga County, and Cuyahoga County Executive filed a motion for judgment on the pleadings.[3] For the reasons below this Court **GRANTS in part and DENIES in part** the motion for judgment on the pleadings.[4]

## I.   BACKGROUND

Plaintiff Zickes formerly worked for the Cuyahoga County Sheriff's Department. Zickes claims Defendants forced him into early retirement because Zickes engaged in protected union

---

[1] Doc. 1.
[2] Doc. 15.
[3] Doc. 20.
[4] This court raised the issue of jurisdiction *sua sponte* and requested positional statements from the parties addressing whether the Ohio State Employment Relations Board has exclusive jurisdiction over the instant case and how this Court would have federal jurisdiction over this case. Doc. 30. The parties complied. Docs. 31, 32, 33. This Court agrees with the parties that it has jurisdiction because the complaint alleges only federal law claims. See *Risner v. Tri-County Regional Jail*, 2001 WL 1253593, No. 2:09-cv-609 (S.D. Ohio March 26, 2010) (holding that O.R.C. 4117 claims do not preempt federal law jurisdiction).

Case No.15-CV-1865
Gwin, J.

activities. In the complaint, Zickes names the following defendants: Cuyahoga County and the County Executive, Lt. Bryan Smith, Sgt. Michael Carroll, and Lucy Rodriguez.[5]

Zickes states that he was elected steward of the Ohio Patrolmen's Benevolent Association ("OBPA"), sheriff's Deputy Bargaining Unit.[6] According to Zickes, Defendant Smith then began pressuring Zickes to lobby OPBA bargaining unit members to transfer their sick time to Lieutenant Miguel Carabello, a member of the lieutenants' bargaining unit who had no more sick time available to him.[7] When Zickes refused, Smith allegedly began to retaliate and harass Zickes.

For example, Smith allegedly began to criticize Zickes for not wearing his collar brass correctly and accused him of arriving late to work.[8] Smith allegedly threatened Zickes with administrative suspension.[9] On February 6, 2012 Smith reassigned Zickes to another position.[10] On April 3, 2012, Smith again reassigned Zickes.[11] On April 12, 2012, Smith initiated an official sheriff's investigation against Zickes into the use of the OPBA union bulletin board because of a handwritten note Zickes left on the board.[12] Zickes also says he was subjected to an Inspector General's investigation due to allegations of harassment brought by Smith's fiancée Rodriguez.[13]

Zickes alleges that in January 2013, Smith prohibited Zickes from attending a member's grievance hearing against Defendant Sergeant Carroll.[14] Carroll told Zickes that Zickes was under an official sheriff's investigation for leaving his lunch bag over night in the sixth floor jury

---

[5] Rodriguez has filed a separate motion for judgment on the pleading. Doc. 22.
[6] Doc. 15 ¶ 14.
[7] *Id*. at ¶ 18.
[8] *Id*. at ¶ 26, 28.
[9] *Id*. at ¶ 28.
[10] *Id*. at ¶ 30.
[11] *Id*. at ¶ 33.
[12] *Id*. at ¶ 34.
[13] *Id*. at ¶ 36.
[14] *Id*. at ¶ 44.

2

Case No.15-CV-1865
Gwin, J.

vestibule room.[15] Zickes says that on March 20, 2013, Carroll prevented Zickes from attending a labor management meeting.[16] On March 29, 2013, Carroll refused to allow Zickes to attend a training.[17] Zickes says he was forced to retire on November 30, 2014.[18]

## II.  LEGAL STANDARD

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6)[19]  Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'"[20]

## III.  DISCUSSION

As an initial matter, in his opposition, Zickes agrees with Defendants that the County Executive and Cuyahoga County should be dismissed from this case.[21] Thus, this Court **DISMISSES** the County Executive and Cuyahoga County as defendants in this suit.

That leaves the claims against Michael Carroll and Bryan Smith.[22] In seeking judgment, Defendants Smith and Carroll argue that 1) all of Plaintiff's claims are time barred by the

---

[15] *Id*. at ¶ 47.
[16] *Id*. at ¶ 48.
[17] *Id*. at ¶ 52.
[18] *Id*. at ¶56.
[19] *See Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
[20] *Id*.
[21] Doc. 25 at 14.
[22] Defendant Lucy Rodriguez filed a separate motion for judgment on the pleadings. Doc. 22.

3

Case No.15-CV-1865
Gwin, J.

applicable statute of limitations, and 2) Plaintiff fails to state a claim upon which relief may be granted against the answering Defendants on any of Plaintiff's claims.[23]

*Statute of Limitations*

Defendants argue that Plaintiffs' claims are time-barred. This Court agrees with Plaintiff that because his retirement on November 30, 2014 is alleged as a constructive discharge, the claims are not time barred. In *Meyers v. City of Cincinnati*, our sister district found that plaintiffs are "not barred from alleging a constructive discharge in order to establish [their] claims under §1983." Here, as in *Meyers*, "plaintiff is not bringing a constructive discharge claim *per se*, but is alleging a constructive discharge as a predicate to his §1983 claims."[24]

Defendants argue that Plaintiff Zickes did not sufficiently plead a constructive discharge claim. As the Supreme Court has explained, "federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' . . . ; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[25]

This Court acknowledges that Plaintiff did not perfectly plead the constructive discharge theory. However, in the prologue overview of the amendment complaint, Plaintiff Zickes asserted "this case involves the forced, early retirement of former Cuyahoga County Deputy Sheriff Joseph Zickes . . ."[26] Zickes also states "Zickes was forced to retire early on November 30, 2014" under the Count for Violation of First Amendment Protected Union Activities.[27]

---

[23] Doc. 25.
[24] As the *Meyers* court explained, "The United States Court of Appeals for the Sixth Circuit has implicitly recognized that the issue of constructive discharge may arise outside the context of § 2000e. See *Kreis*, 833 F.2d 74 (law of constructive discharge applied in ERISA case to determine number of participants involuntarily excluded from ERISA plan)." *Meyers v. City of Cincinnati*, 728 F. Supp. 477, 482 (S.D. Ohio 1990) *aff'd in part, rev'd in part*, 934 F.2d 726 (6th Cir. 1991).
[25] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014) (finding that no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke §1983 expressly in order to state a claim.).
[26] Doc. 15.
[27] *Id*.

4

Case No.15-CV-1865
Gwin, J.

Plaintiff's §1983 claim describes the constructive discharge as Zickes' injury. Therefore, the two-year statute of limitations begins to run when Zickes knew or had reason to know of his constructive discharge. Zickes retired on November 30, 2014, so that is an appropriate date to start the clock for limitations purposes. As such, Zickes' First Amendment claim, originally filed on September 11, 2015, is not time barred.

*Failure to State a Claim*

This Court agrees that Plaintiff does not plead sufficient facts to support plausible claims for relief on his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment claims. Plaintiff does not plead these claims as separate counts and offers no factual basis for why these claims should remain.

As to the intentional infliction of emotional distress claim, this Court agrees with the authority in our district that "if a party wants to bring an action for intentional infliction of emotional distress, it must be cited as a separate and independent count in a complaint and not by mere reference to emotional distress in a count."[28]

Thus, Plaintiff's claims for relief as to intentional inflection of emotional distress, and alleged Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment claims are **DISMISSED**.

---

[28] *Morgan v. Hustler Magazine, Inc.*, 653 F. Supp. 711 (N.D. Ohio 1987).

Case No.15-CV-1865
Gwin, J.

## IV. CONCLUSION

For the reasons above, this Court **GRANTS** in part and **DENIES** in part the motion for judgment on the pleadings. This Court **DISMISSES** Defendants Cuyahoga County and Cuyahoga Executive as well as claims for relief as to intentional infliction of emotional distress, and under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment.

IT IS SO ORDERED.


Dated: March 10, 2016                                 *s/        James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE